UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO:

FELICIA BELL,

    Plaintiff
v.

ARC ONE PROTECTIVE SERVICES, LLC,
a Florida limited liability company,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, FELICIA BELL ("Plaintiff"), pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. §§ 201-216*, files her Complaint for Damages and Demand for Jury Trial against Defendant, ARC ONE PROTECTIVE SERVICES, LLC ("ARC"), and alleges the following:

**INTRODUCTION**

1. Defendant unlawfully deprived Plaintiff of overtime compensation during the course of her employment. When Plaintiff notified Defendant of its overtime wage violations, Defendant materially reduced Plaintiff's hours and retaliated against her. This is an action arising under the FLSA pursuant to *29 U.S.C. §§ 201-216*, to recover all overtime wages and damages Defendant owes to Plaintiff for its violations of the FLSA.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Orange County, Florida, was over the age of 18 years, and was otherwise *sui juris*.

3. During all times material hereto, Defendant, ARC, was a Florida limited liability company with its principal place of business at 2161 Ribbon Falls Parkway, Orlando, Florida 32824, within the jurisdiction of this Honorable Court.

4. During all times material hereto, Defendant, ARC, was vested with authority to hire, fire, compensate, and reprimand Plaintiff, and to oversee and implement the pay practices that applied to Plaintiff.

5. Defendant, ARC, was Plaintiff's FLSA employer, as that term is defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

6. All acts and omissions giving rise to this dispute took place within Orange County, Florida. Jurisdiction is therefore proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

7. Venue is also proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

8. Defendant, ARC, is a private security and consulting agency that provides security services throughout the state of Florida.

9. Defendant employs dozens of security officers like Plaintiff to assist Defendant in providing security services.

## FLSA COVERAGE

10. Defendant, ARC, is covered under the FLSA through enterprise coverage, as ARC was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, ARC engaged in interstate commerce by virtue of the fact that its business

activities involved those to which the FLSA applies. ARC's business and Plaintiff's work for ARC affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

11. During her employment with Defendant, ARC, Plaintiff, and various other similarly situated employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: security uniforms, holsters, weapons, badges, vehicles, flashlights, body armor, boots, pepper spray, radios, handcuffs, batons, tactical gear, eyewear, pens, paper, pencils, belts, cell phones, first aid kits, firearms, keys, penlights, lanyards, batteries, cameras, rain protection gear, etc.

12. ARC also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making ARC's business an enterprise covered by the FLSA.

13. Upon information and belief, Defendant ARC grossed or did business in excess of $500,000.00 in 2020 and 2021.

14. During her employment with Defendant, Plaintiff (i) performed non-exempt work; (ii) did not have supervisory authority over any individuals, and (iii) did not make any decisions of importance on behalf of Defendant.

15. During all material times hereto, Plaintiff was a non-exempt, hourly employee of Defendant, within the meaning of the FLSA.

**PLAINTIFF'S WORK FOR DEFENDANT**

16. Defendant hired Plaintiff as an hourly security officer in or around October 2021.

17. As of the date of this filing, Plaintiff is still employed by Defendant.

18. Defendant pays Plaintiff approximately $18.50/hour.

19. Plaintiff's work for Defendant does not require a license or advanced degree.

20. During all time periods material hereto, Defendant supervised Plaintiff's work and advised Plaintiff where and when to work and how to perform her job. Defendant also created Plaintiff's schedule and required her to wear a uniform.

21. During Plaintiff's employment period, Defendant knew, or should have known, that Plaintiff worked over forty (40) hours during one or more workweeks without receiving overtime wages at time and one-half Plaintiff's regular hourly rate.

22. When Plaintiff notified Defendant that it violated federal law by failing to pay her overtime wages when she worked over forty (40) during her first pay period, Defendant refused to rectify its FLSA violations. Instead, Defendant slashed Plaintiff's hours and materially reduced her work schedule from approximately 70 hours per week to approximately 12 hours per week.

23. Moreover, Defendant did not maintain accurate time records during Plaintiff's employment period.

24. Furthermore, Defendant's payroll records during the relevant time period do not accurately reflect the hours worked by Plaintiff.

25. As a result of Defendant's intentional and willful failure to comply with the FLSA's overtime wage requirements, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

**COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS - *29 U.S.C. § 207***

26. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 25 as though set forth fully herein.

27. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

28. During all time periods material hereto, Plaintiff was a non-exempt, hourly employee.

29. Plaintiff performed work for Defendant during her employment for which she should have received time-and-one-half her regular hourly rate for all hours worked in excess of forty (40) in one or more work weeks.

30. Defendant refused to pay Plaintiff one-and-one-half times her regular hourly rate for some hours of work performed over forty (40) in one or more weeks of her employment.

31. Plaintiff therefore claims the applicable federal overtime wage rate for each hour worked in excess of forty (40) per week during her employment for which she was not properly compensated.

32. Defendant willfully and intentionally refused to pay Plaintiff the applicable federal overtime wages as required by the FLSA, as Defendant knew or should have known of the FLSA's overtime wage requirements.

33. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

34. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, FELICIA BELL, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, ARC ONE PROTECTIVE SERVICES, LLC, and award Plaintiff: (a) unliquidated damages; (b) liquidated damages; (c) all reasonable attorney's fees and litigation costs; and any and all further relief as this Court deems equitable under the circumstances.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS - *29 U.S.C. § 215*

35. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 25 as though set forth fully herein.

36. Pursuant to *29 U.S.C. § 215(a)(3)*, it is unlawful for any person or entity to discharge **or in any other manner discriminate against any employee because such employee has filed a complaint or caused to be instituted any proceeding under the FLSA**.

37. Plaintiff engaged in protected activity under the FLSA by submitting complaints to Defendant regarding its failure to pay her overtime wages.

38. Defendant has express knowledge of Plaintiff's protected activity.

39. Plaintiff was employed by Defendant when she requested her due and owing overtime wages in accordance with federal law.

40. Plaintiff is still employed as of the date of this filing; however, Defendant materially reduced Plaintiff's work hours immediately after she engaged in protected activity.

41. Furthermore, Defendant has engaged in a pattern of unjustified disciplinary actions against Plaintiff to create a false record to justify her termination, which Plaintiff believes is imminent.

42. The temporal proximity of the adverse actions taken against Plaintiff to her complaints about unlawful wage and hour practices creates a presumption that Defendant retaliated against Plaintiff for engaging in protected activity.

43. Any other justification given for Defendant's adverse actions against Plaintiff is pre-textual.

44. Defendant's reduction of Plaintiff's hours and baseless disciplinary actions constitute unlawful retaliation and are prohibited under the FLSA.

45. Defendant would not have reduced Plaintiff's hours or falsely disciplined Plaintiff if she did not engage in protected activity by demanding overtime wages.

46. As a result of the foregoing, Plaintiff has suffered damages including lost wages, emotional distress, loss of reputation, and other damages that will be proven at trial.

47. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, FELICIA BELL, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, ARC ONE PROTECTIVE SERVICES, LLC, and award Plaintiff: (a) back wages; (b) front wages; (c) liquidated damages; (d) damages arising from emotional distress, loss of reputation and humiliation; (e) immediate reinstatement or wages in lieu of reinstatement in the event that reinstatement is not feasible; (f) all reasonable attorney's fees and litigation costs; and any and all further relief as this Court deems equitable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, FELICIA BELL, requests and demands a trial by jury on all appropriate claims.

**Dated: January 18, 2022**

                                        **USA EMPLOYMENT LAWYERS-**
                                        **JORDAN RICHARDS, PLLC**
1800 S.E. 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By:  */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on January 18, 2022.

By:  */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: