# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FALISHA BELL,**

      **Plaintiff,**

**v.**                                        **Case No:   6:22-cv-102-WWB-DAB**

**ARC ONE PROTECTIVE SERVICES, LLC,**

      **Defendant**

## ORDER AND
## ORDER TO SHOW CAUSE

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** Plaintiff's Motion to Compel [Defendant's Consent to Proceed Before the Magistrate Judge] (Doc. 42)
>
> **FILED:** June 17, 2022
>
> **THEREON** it is **ORDERED** that the Motion is **STRICKEN** because it is unsigned and inappropriate. Plaintiff is **ORDERED** to show cause in writing **by July 13, 2022** why she should not be sanctioned for her repeated failure to follow the Rules of this Court.

Plaintiff Falisha Bell has been proceeding *pro se* in this case since April 28, 2022 when her counsel was granted leave to withdraw. (Doc. 32). She has filed several motions *pro se* which fail to comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle

District of Florida despite the Court's Orders that Plaintiff must comply with the procedural rules governing this Court. *See* Docs. 34, 36, 41; *see also* Doc. 4. *Pro se* litigants are subject to the same law and rules of court as litigants who are represented by counsel. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Despite the Court's warnings to Plaintiff that she must follow the Rules, and specific explanation of those Rules in the Court's Orders (Doc. 34, 36, 41), she has filed a *second* Motion to Compel Defendant's consent to proceed before the Magistrate Judge (Doc. 42). This Motion, like the others before it, is—once again—unsigned. As the Court has explained previously in striking Plaintiff's *pro se* unilateral "Notice" of consent to trial by the Magistrate Judge signed only by Plaintiff (Docs. 35), the exercise of jurisdiction by a Magistrate Judge is permitted only if *all* parties voluntarily consent. *See* Doc. 36 (citing 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73). "Consequently, *the consent form should only be filed when all parties agree* in consenting to have the Magistrate Judge decide the motion" or case. *Id*. (emphasis added). Plaintiff has now, for a second time, filed a "Motion to Compel" requesting the Court *order* Defendant to consent. Doc. 42. As the Court explained previously, a party cannot be "compelled" to consent to proceed before the Magistrate Judge. The form explains that any party "may withhold [its] consent without adverse substantive consequences." Doc. 37-2. Refiling Motions for the exact same relief previously denied is a waste of valuable judicial resources.

More troubling is Plaintiff's repeated failure to sign the Motions she has filed, despite the Court's Orders, and Court rules, requiring her to sign motions seeking relief. As the Court explained previously:

> All pleadings, motions, or other papers filed with the Court by Plaintiff must bear an original signature of Plaintiff, or they will be rejected by the Court. Among other things, the signature serves as the party's certification, pursuant to Rule 11(b), that the document is not submitted for any improper purpose; that the claims or defenses presented in it are warranted by existing law; and that there exists reasonable factual support for the allegations or assertions made. Plaintiff is advised to review and become familiar with Rule 11, as *the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines*.

Doc. 41. In addition, Plaintiff failed to include a signed Certificate of Service in the Motion despite the Court's Order requiring her to do so:

> The Certificate of Service is confirmation that the filing party has complied with the requirement of Rule 5 by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court. At a minimum, a Certificate of Service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (*e.g.*, U.S. Mail or through the Case Management/Electronic Case Filing system).

*Id.* Plaintiff was also ordered to become familiar with the Local Rules consistent with Judge Berger's "Notice to Counsel and Parties" directing the parties "to read and comply with the Middle District of Florida's Local Rules." *Id.* (citing Doc. 4). Judge Berger also warned that "Failure to comply with ANY Local Rules or Court Orders may result in the imposition of sanctions including, but not limited to, the

dismissal of this action . . . without further notice." *Id.* (citing Doc. 4). The Court also ordered that, under Local Rules, all of Plaintiff's motions be accompanied by a legal memorandum with citation of authorities in support of the relief requested and a certification in the motion that she has conferred with the opposing side. Local Rule 3.01(a), (g). Merely stating that she has sent an email is not sufficient to satisfy the "meet and confer" requirement. Plaintiff's Motion to Compel (Doc. 42) fails to comply with all requirements.

Plaintiff is **ORDERED** to show cause in writing by **July 13, 2022** why she should not be sanctioned for her repeated failures to follow the Rules of this Court and for wasting judicial resources. **Failure to respond to the Order to Show Cause by July 13, 2022 may result in dismissal of Plaintiff's claims without further notice.**

All parties are reminded that, as stated in F. R. Civ. P. 1, the purpose of the Rules is to secure the just, speedy, and inexpensive determination of every action. As Defendant's counsel now has notice of Plaintiff's requests relating to case-resolution, they shall respond directly to her.

ORDERED in Orlando, Florida on June 29, 2022.

Copies furnished to:

Counsel of Record
Plaintiff Falisha Bell

_____
CELESTE F. BREMER
UNITED STATES MAGISTRATE JUDGE

- 4 -