UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FALISHA BELL,

        Plaintiff,

v.    Case No. 6:22-cv-102-WWB-DAB

ARC ONE PROTECTIVE
SERVICES, LLC,

        Defendant.

## ORDER DISPOSING OF MOTIONS AND ORDERING MEDIATION

This cause comes before the Court on review of the Joint Notice complying with the FLSA Scheduling Order (Doc. 53) and pending motions. The parties have agreed over the phone to attend mediation in the case within the next 80 days, *i.e.*, by November 19, 2022. Doc. 53 ¶ 4.

The Middle District of Florida Local Rules provide:

> **Rule 4.01 Mediation**
>
> Mediation is a settlement conference conducted by a qualified and neutral lawyer without testimony or a determination by the mediator of a question of fact or law.
>
> **Rule 4.02 Mediator**
> * * *
> (b) QUALIFICATIONS. To qualify for certification as a mediator, a lawyer must establish:
> (1) membership for at least the last ten years in the bar of any state or the District of Columbia,

>(2) membership in good standing in The Florida Bar and the Middle District bar, and
>
>(3) completion of the Florida Supreme Court's certified-mediator training and certification by the Florida Supreme Court of good standing as a circuit court mediator.
>
>* * *
>
>(d) COMPENSATION. Unless the parties and the mediator agree otherwise, the parties must pay the mediator a reasonable fee, and must bear equally the cost of mediation. No mediator can charge a fee to, or accept anything of value from, a source other than the parties.
>
>**Rule 4.03 Mediation Order**
>
>To refer an action or claim to mediation, the judge must enter an order that:
>
>(a) designates the mediator or directs the parties to select a mediator and to notify the judge of the selection;
>
>(b) establishes a mediation deadline;
>
>(c) requires a lawyer to confirm a mediation date agreeable to the mediator and the parties and to notify the judge of the date;
>
>(d) requires the attendance of lead counsel, the parties or a party's surrogate satisfactory to the mediator, and any necessary insurance carrier representative;
>
>(e) notifies the parties that unexcused absence or departure from mediation is sanctionable;
>
>(f) requires the mediator to report within seven days after mediation the result of the mediation and whether all required persons attended; and
>
>(g) directs that the substance of the mediation is **confidential** and that **no party, lawyer, or other participant is bound by, may record, or without the judge's approval may disclose any event, including any statement confirming or denying a fact** — except settlement — **that occurs during the mediation**.

Local Rules 4.01-4.03 (emphasis added); *see* Doc. 4 ("For a just and efficient resolution of this case, the parties are DIRECTED to read and comply with the Middle District of Florida's Local Rules. See Local Rule 1.01(a). *Failure to comply with ANY Local Rules or Court Orders may result in the imposition of sanctions*

*including, but not limited to, the dismissal of this action or entry of default without further notice.*" (emphasis added)).

Evidence of an offer to compromise a claim is not admissible to prove liability for or invalidity of the claim or its amount. Fed. R. Evid. 408 (includes evidence of conduct or statements made in compromise negotiations); Local Rule 4.03(g). All discussion, representations and statements made at the mediation conference are privileged settlement negotiations. Except in a supplemental proceeding to enforce a settlement agreement, nothing related to the mediation conference shall be admitted at trial or be subject to discovery. Local Rule 4.03(g); Fed. R. Evid. 408. A communication between a party and a mediator during a private caucus is also confidential, unless the party tells the mediator that it is not.

A settlement agreement reached between the parties shall be reduced to writing and signed by the parties and their attorneys in the presence of the mediator. Within seven days of the conclusion of the mediation conference, the mediator shall file and serve a written mediation report stating whether all required parties were present, whether the case settled, and whether the mediator was forced to declare an impasse. *See* Local Rules 3.09, 4.03(f). The mediator may report any conduct of a party or counsel that falls short of a good faith effort to resolve the case by agreement or fails to comply with this Order.

Based on the foregoing, it is ordered as follows:

1. The parties are **ORDERED** to mutually select a court-approved mediator from the list on the Middle District of Florida website. Counsel for Defendant is **ORDERED** to confirm the parties' mutually agreed mediation date with the mediator and file a joint notice of the selection of the mediator by **September 20, 2022**.

2. The parties are **ORDERED** to mediate Plaintiff's claims by **November 19, 2022**. Participants shall be prepared to spend as much time as may be necessary to settle the case. No participant may force the early conclusion of a mediation because of travel plans or other engagements. Only the mediator may declare an impasse or end the mediation.

3. The mediator shall conduct the mediation conference in the conference room of the mediator's law firm or office.

4. Plaintiff's "Motion for relief on complaints" (Doc. 44) is **DENIED** as it is a Plaintiff's Answer to the Court's FLSA Interrogatories, not a motion.

5. Defendant's Motion to Strike Plaintiff's Motion to "Move Forward" after the parties' settlement conference (Doc. 50)–in which Plaintiff discloses settlement negotiations between the parties—is **GRANTED in part**. To the extent Defendant seeks sanctions, the Motion is **DENIED without prejudice** to renewal at the conclusion of the case, subject to the circumstances as they exist at that time.

6. The Clerk is **DIRECTED** to **STRIKE** Plaintiff's "Motion to move forward after Microsoft Team phone conversation with defendant" (Doc. 49) from the docket. Plaintiff is admonished that settlement negotiations must remain confidential and cannot be included in a motion or any other public filing.

7. Plaintiff's "Motion for magistrate to hear case, considering stop of sanctions, Compel defendant and all back fees and damages to the plaintiff" (Doc. 47) is **DENIED as moot** since it is identical to Doc. 48.

8. Plaintiff's Amended "Motion for magistrate to hear case, considering stop of sanctions, Compel defendant and all back fees and damages to the plaintiff" (Doc. 48) is **DENIED**. Plaintiff has provided her timesheets and other documents to opposing counsel as required in the FLSA Scheduling Order (Doc. 39), the parties have agreed to mediate the case, and the case will be mediated as ordered above.

**IT IS SO ORDERED** in Orlando, Florida on September 2, 2022.

_____
**CELESTE F. BREMER**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Counsel of Record
Plaintiff Felicia Bell