# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

FALISHA BELL,

        Plaintiff,

v.                                              Case No.: 6:22-cv-102-WWB-RMN

ARC ONE PROTECTIVE SERVICES, LLC,

        Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on the parties' Joint Motion for Approval of FLSA Settlement Agreement (Doc. 66), Plaintiff's Motion Requesting the Judge to Sign Joint Agreement (Doc. 67), and Defendant's Renewed Motion for Approval of FLSA Settlement Agreement (Doc. 73). United States Magistrate Judge Celeste F. Bremer issued Reports and Recommendations (Doc. Nos. 68, 75). Magistrate Judge Bremer recommends the Court approve the Settlement Agreement with modifications. Plaintiff filed Objections (Doc. Nos. 70, 76).

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as de novo review is "essential to the constitutionality of [§] 636." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). The objecting party must state with

particularity findings with which it disagrees, along with its basis for the disagreement. *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). The court will not consider "[f]rivolous, conclusive, or general objections." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted). Plaintiff fails to identify any particular finding with which she disagrees. Rather, Plaintiff's objections appear to generally address the parties' mediation and, therefore, need not be considered. *Id.* After a de novo review of the record, the Court agrees entirely with the analysis in the Reports and Recommendations.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Reports and Recommendations (Doc. Nos. 68, 75) are **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. The parties' Joint Motion for Approval of FLSA Settlement Agreement (Doc. 66) and Plaintiff's Motion Requesting the Judge to Sign Joint Agreement (Doc. 67) are **DENIED**.

3. Defendant's Renewed Motion for Approval of FLSA Settlement Agreement (Doc. 73) is **GRANTED**.

4. The Mutual General Release, Confidentiality, Covenant of Non-Disparagement, and Modification of Agreement provisions of the Settlement Agreement (Doc. 73-1, ¶¶ 5–7, 12) are **STRICKEN**. The Court otherwise finds the Settlement Agreement, as revised, to be a fair and reasonable settlement of Plaintiff's claims and it is **APPROVED**.

5. The case is **DISMISSED with prejudice**.

6. All other pending motions are **DENIED as moot**.

7. The Clerk is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida on April 10, 2023.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

3