UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FALISHA BELL,

    Plaintiff,

v.

ARC ONE PROTECTIVE SERVICES, LLC,

    Defendant.

Case No. 6:22-cv-102-WWB-RMN

## ORDER

This cause comes before the Court for consideration without oral argument on Plaintiff's "Motion Requesting Default on Settlement." Dkt. 80. It appears that the Motion is asking the Court to enforce the Settlement Agreement (Dkt. 73) that this Court approved on April 10, 2023 (Dkt. 79). *See* Dkt. 80-1. Because the Court no longer has jurisdiction, the Motion is denied.

Plaintiff filed this action on January 18, 2022, alleging unpaid overtime wages and retaliation in violation of the Fair Labor Standards Act (the "FLSA"). Dkt. 1. The parties then filed a "Joint Motion for Approval of FLSA Settlement Agreement" on November 9, 2022, which asked the Court to approve the Settlement Agreement and dismiss the case with prejudice. Dkt. 66 at 3. On December 23, 2022, United States Magistrate Judge Celeste F.

Bremer issued a Report and Recommendation that recommended denying the "Joint Motion for Approval of FLSA Settlement Agreement." Dkt. 68 at 11-12. The parties then filed a "Renewed Motion for Approval of FLSA Settlement Agreement" on January 18, 2023 (the "Renewed Motion"). Dkt. 73. On January 27, 2023, United States Magistrate Judge Celeste F. Bremer issued a Report and Recommendation that recommended granting the Renewed Motion, subject to striking a few provisions of the Settlement Agreement. Dkt. 75 at 10. On April 10, 2023, the Court adopted and confirmed the Report and Recommendations (Dkts. 68, 75), approved the revised Settlement Agreement (Dkt. 73), and dismissed the case with prejudice. Dkt. 79 at 2.

When the Court dismissed the case with prejudice, it terminated its jurisdiction over the matter. To the extent Plaintiff is asking the Court to enforce the Settlement Agreement, this Court is not the proper forum for such relief. "The enforcement of a settlement agreement is more than just a continuation or renewal of the dismissed suit and therefore requires its own basis for jurisdiction." *Garcia v. Ocwen Loan Servicing*, 2020 WL 11272818, at \*1 (M.D. Fla. Dec. 18, 2020), *report & recommendation adopted*, 2021 WL 4393105 (Jan. 5, 2021) (citing *E-Z Load Gate, Inc. v. American Moto Products, Inc.*, 2009 WL 3246414 at \*4-5 (M.D. Fla. Oct. 6, 2009) (internal quotations omitted). "Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378-82 (1994), unless it does so expressly in its order dismissing the action

or unless it expressly incorporates the terms of the settlement agreement into its order of dismissal, a district court does not have subject matter jurisdiction to enforce the terms of a settlement agreement." *Id.*

Here, the case is closed, and the Court did not retain jurisdiction to enforce the Settlement Agreement. The jurisdiction that the Court had has been terminated.

Accordingly, it is **ORDERED** that Plaintiff's "Motion Requesting Default on Settlement" (Dkt. 80) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on June 22, 2023.

*/s/ Robert M. Norway*
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies furnished to:

Unrepresented Party
Counsel of Record